## GERALD M. RUMERY v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION LAW

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 82478

Memorandum filed October 13, 1948.

*Pro se* and *William S. Zeman,* of Hartford, for the Plaintiff.

*William L. Hadden,* Attorney General, *Harry L. Silverstein,* Assistant Attorney General, of Hartford, for the Defendant.

INGLIS, J. This appeal from a decision of the unemployment compensation commissioner for the first congressional district raises the question whether it was proper to deduct from the plaintiff's unemployment compensation for the week ending November 29, 1947, so-called holiday pay which he received from his employer because of the fact that Thanksgiving Day fell within that week.

The plaintiff was an employee of Niles-Bemont-Pond Company. By virtue of the contract between his bargaining agent and that company the employer had the right to lay him off for one week or less irrespective of any other provision of the contract. The contract also provided that Thanksgiving Day would be regarded as a holiday and that "hourly rated employees who meet all the eligibility requirements and conditions shall be paid for time lost by reason of observance by the Company of . . . Thanksgiving Day." It is further provided that

"when employees are laid off temporarily (for a week or less) . . . and a paid holiday as listed falls within the period of such layoff then such employees must have worked on their last scheduled work day before such layoff and their next scheduled work day after such layoff in order to be eligible for holiday payment."

In accordance with the first mentioned provision of the contract the plaintiff was laid off for the week ending November 29, 1947. He was entitled to unemployment compensation for that week, his benefit rate being $22. Thanksgiving Day fell within that week and pursuant to the provisions of the contract recited above he was entitled to and received the sum of $19.80, the amount which he would have earned if that had not been a holiday and he had worked on that day.

The unemployment examiner decided that the $19.80 should be deducted from the $22 compensation plus $2.00. He arrived at this conclusion apparently on the basis of the provisions of General Statutes, Cum. Sup. 1939, § 1338e (c). That subsection provides: "An eligible individual who is partially unemployed throughout a week . . . shall be paid with respect to such week an amount equal to two dollars more than the excess of his benefit rate for total unemployment over the total remuneration of any nature payable to him for services of any kind during such week. . . ." Clearly this section does not apply, and this for two reasons. First the plaintiff was not partially employed during the week, and second, the remuneration of $19.80 which he received was not for services of any kind (rendered) during such week. Clearly the decision of the examiner was erroneous.

The commissioner upheld the decision but placed his ruling on another ground. He rested his decision on the provisions of Cum. Sup. 1939, § 1339e (b) (4) (A), which provides that an individual shall be ineligible for benefits "(4) during any week with respect to which the individual has received . . . remuneration in the form of (A) wages in lieu of notice or any payment by way of compensation for loss of wages, or any other state or federal employment benefits." It might be pointed out that the effect of this provsion of the law, if it were applicable to the present case at all, would be to render the plaintiff ineligible to receive any compensation at all, rather than to make him eligible for compensation reduced by some amount. The

point is, however, that this subsection does not apply to the facts existing in this case. It applies only to situations where the employee has received remuneration in the form of compensation for the loss of wages for the whole week for which he seeks compensation. The phrase is "during any week with respect to which" he has received such remuneration he is ineligible for unemployment compensation. In the present case the $19.80 was not received by the plaintiff as compensation for loss of wages for the week for which he is seeking unemployment compensation. At most it was received by him as compensation for loss of wages for the one day in that week. And if the matter is looked at realistically that compensation was not for the loss of his wages for one day. It was, in reality, a sort of bonus added to his wages for the year. The employer in reality was giving him a holiday with pay in return for his services rendered before and after that holiday and not merely for services rendered during the week in which it fell. Clearly, therefore, the section relied upon by the commissioner did not render the plaintiff ineligible to receive his unemployment compensation.

With the two sections relied upon by the examiner and the commissioner out of the case, it follows that the plaintiff falls within the purview of Cum. Sup. 1939, § 1338e (b), which provides: "An eligible individual who is totally unemployed throughout a week . . . shall be paid, with respect to such week, an amount equal to his total unemployment benefit rate for the benefit year during which such week of unemployment shall occur. An individual shall be deemed to be totally unemployed throughout a week if he has performed during that week no services for which remuneration of any nature is payable, and has not engaged in any self-employment." The plaintiff during the week in question did not perform any services for which remuneration was paid. He was accordingly totally unemployed throughout that week and is therefore entitled to his unemployment compensation as provided in the section, and that without deduction.

Judgment may enter sustaining the appeal, and the commissioner is directed to enter an order for the payment to the plaintiff of unemployment compensation for the week ending November 29, 1947, in the amount of $22 without any deductions.