## HILL *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION, ETC., ET AL.

[No. 18,390. Filed May 7, 1953. Rehearing denied August 27, 1953. Transfer denied October 27, 1953.]

84

*Sydney L. Berger,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *William S. Mc-Masters,* Deputy Attorney General, *Glen F. Kline,* former Deputy Attorney General, and *John M. Harrigan,* Attorney for Review Board, all for appellee, Review Board; *Barrett, Barrett & McNagney, J. A. Bruggeman* and *Stephen Pierson,* all of Fort Wayne, for appellee, The Magnavox Company.

KENDALL, J—The Appellant collected full unemployment benefits as a totally-unemployed person for the week ending September 8, 1951. Subsequently, she received from her employer, The Magnavox Company, holiday pay for September 3, 1951, which was Labor Day. This payment was allocated to the week ending September 8, 1951, by the terms of the Collective Bargaining Agreement between Appellant's employer and the union which represented the Appellant under the provisions of the National Labor Relations Act.

The Review Board of the Indiana Employment Security Division held that the holiday pay was deductible income under the provisions of §§501 and 502 of the Indiana Employment Security Act, Acts 1947, ch. 208 as amended by ch. 295 and 307, Acts 1951, §52-1529, Burns' 1951, and further held that the Appellant was overpaid unemployment benefits for the week in question and that she owed a refund in the amount of the holiday pay.

The Appellant's assignment of errors are as follows:

1. The decision of the Review Board is contrary to law.

Primarily, the issue in this case for this court to decide is whether or not an employee may receive and retain benefits as a totally-unemployed person for a week in which such unemployed person receives pay for services under a contract of employment. Or, to put it another way, does the Employment Security Act limit its benefits to persons unemployed through no fault of their own and periods of unemployment as stated in §101; or does it permit, as the claimant (Appellant) contends herein, the receipt and retention of both pay from the employer and the benefits from the unemployment fund for the total unemployment period.

In the instant case, the Review Board made findings of facts which are, in part, as follows:

". . . . The Review Board further finds that the claimant claimed and was paid benefits as a totally-unemployed individual for the week ending September 8, 1951; and that at the time of claiming such payment, the claimant was entitled to benefits as a totally-unemployed individual for the week ending September 8, 1951. . . . Neither the claimant nor anyone in her behalf misrepresented or failed to disclose facts which would have disqualified her or reduced her benefit rights for the week ending September 8, 1951, at the time of the claim for such week was made."

In connection with the findings as announced by the court, it is well to consider therewith the stipulation made between the parties as follows:

"That Dorothy D. Hill, the claimant and appellant herein, first begun work for the employer Magnavox Company, the appellee herein, on May

28, 1946; that she was laid off on April 13, 1951, and that she returned to work on October 26, 1951, pursuant to a letter of recall mailed to said Dorothy D. Hill on October 23, 1951, and received by her on October 24, 1951; that the said Dorothy D. Hill received holiday pay for Labor Day, September 3, 1951, in the amount of $11.04, which was included in her pay check dated November 30, 1951, and that the said Dorothy D. Hill was employed continuously by the Magnavox Company for a period of more than four weeks after the date of her return to work, pursuant to the letter of recall mailed October 23, 1951.

"That the claimant is a member of the United Electrical, Radio and Machine Workers of America, Local 910, which is the recognized bargaining agent with the Magnavox Company, and that the labor agreement existing by and between the Magnavox Company and the United Electrical, Radio and Machine Workers of America, dated June 8, 1951, and continuing to June 1, 1953, stipulates in Article II, Paragraph 3, as follows:

"All hourly paid employees who have completed three (3) months service immediately preceding any of the holidays set forth in this paragraph will receive eight (8) hours pay at the regular straight time rate of pay for the following (7) holidays: New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Christmas Day and Good Friday.

"The above mentioned payment will be made only to employees who earn some wages during the week in which the holiday falls. If an employee is laid off for lack of work and by reason of such layoff earns no wages during the week in which the holiday falls and is recalled, he will be paid for such holidays if (1) he returns to work when recalled and (2) works at least four (4) weeks after such recall, except that if the employee is laid off in accordance with Article III, Paragraph 2(c), through no fault of his own before he can complete four (4) weeks will receive any holiday pay due on his next regular pay day.'

"It is further stipulated that the claimant received proper unemployment compensation pay-

ments for the week ending September 8, 1951, when she made claim at that time."

The Review Board found "that the holiday pay of $11.04 paid to the claimant on Labor Day, September 3, 1951, was paid for and in respect to the week ending September 8, 1951, and that such payment constitutes, and must be considered, deductible income under the provisions of §§501 and 502, *supra,* of the Indiana Employment Security Act for the week ending September 8, 1951, despite the fact that her right to such payment vested subsequently to the week ending September 8, 1951." Appellant cites the fact that "holiday pay" is not specifically mentioned in either of the above sections of the Act and urges that under the circumstances of payment, the payment was deductible income for and during the week when it was actually paid, as is true of bonuses, gifts and prizes. However, this section of the Act is not restrictive but serves to classify types of income, such as bonuses, gifts and prizes, which are in payment of past services actually performed, and termination of pay, vacation pay, idletime pay, etc., which are paid for and with respect to services not to be performed. The latter are described as deductible income not for the week when they are actually paid but "with respect to the week, or weeks, for which such payments are made." It seems clear that "holiday pay" although not specifically mentioned, falls in this latter category. Therefore, we find no error in the findings and conclusions of the board with respect to the classification of holiday pay as deductible income for the date of the holiday for and with respect to which it was paid.

However, the Review Board is an administrative agency of government whose powers are conferred by

statute and limited to such powers as are conferred. In the case of *Ind. Emp. Sec. Div.* v. *Ponder* (1950), 121 Ind. App. 51, 92 N. E. 2d 224, the court announced the rule to be as follows:

> "Rules and regulations promulgated by administrative boards must be reasonable, and such boards cannot enlarge or vary, by the operation of such rules, the powers conferred upon them by the Legislature, or create a rule out of harmony with the statute. Any regulation which is in conflict with the organic law or statutes of the State is wholly invalid. *Blue* v. *Beach* (1900), 155 Ind. 121, 56 N. E. 89."

Our statutes make no provision for the recoupment by the board of money paid by way of unemployment benefits except as provided by §52-1547, Burns' 1951 Replacement. This statute provides for recoupment only in the event of non-disclosure or misrepresentation on the part of the applicant. The board found that ". . . Neither the claimant nor anyone in her behalf misrepresented or failed to disclose facts which would have disqualified her or reduced her benefit rights for the week ending September 8, 1951, at the time of the claim for such week was made." Neither is it contended that the "holiday pay" in question was paid as a result of any non-disclosure or misrepresentation. Therefore, this court believes that the division had no authority under the Act to recoup from Appellant such holiday pay which was rightly paid to her.

Under the facts of this case as applied to the statutes involved, we hold that the decision of the Review Board is contrary to law.

Judgment reversed.

NOTE.—Reported in 112 N. E. 2d 218.