ALONZO W. MOORE, Appellant, v. STATE OF DELAWARE UNEMPLOYMENT COMPENSATION COMMISSION and GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Appellees.

ALONZO W. MOORE, Appellant, v. STATE OF DELAWARE UNEMPLOYMENT COMPENSATION COMMISSION and GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Appellees.

(*January* 5, 1961.)

CHRISTIE, J., sitting.

*James P. D'Angelo* for appellant; of counsel, Lowell Goerlich (of Washington, D. C.).

*Donald W. Booker* (of Coxe, Booker, Walls and Cobin) for the Unemployment Compensation Commission.

*Rodney M. Layton* (of Richards, Layton and Finger) for appellee, General Motors Corporation.

Superior Court for New Castle County, Nos. 991 and 1036, Civil Actions, 1958.

CHRISTIE, J.:

This is an appeal from a decision of the Unemployment Compensation Commission which held that holiday pay attributable to a holiday, which falls within the period of compensable unemployment, must be deducted from any unemployment compensation benefits payable to the unemployed individual.

The claimant, a wage earner regularly employed by General Motors Corporation, filed a claim for unemployment benefits with respect to the week beginning Monday, June 30, 1958 and ending Sunday, July 6, 1958. His temporary unemployment resulted from a shut down of an assembly plant for inventory and model changeover. The claimant was found to be eligible for unemployment compensation for the week in question, but a deduction from the benefits due claimant was made on account of the $19.52 he received from General Motors Coporation as holiday pay for July 4.

The Claims Deputy held that "moneys received for holidays during layoffs are wages earned as of the date of the holiday and should be deducted from benefits paid" under the applicable provisions of the Unemployment Compensation Act.

The record does not reveal what decision, if any, was made by the Appeals Referee, whose determination usually follows the Claims Deputy's.

On appeal the Unemployment Compensation Commission made the following findings of fact:

"To be entitled to receive holiday pay an employee must work the last work day before the holiday and the first work day following the holiday. The payment for holidays is received only by those on the active payroll of the employer at the time the holiday occurs. The wages paid for the holiday are taxable to the employee and are deductible by the employer for the week in which the holiday occurs."

The Commission affirmed the Claims Deputy in the following language:

"Wages received for a holiday are wages earned as of date of the holiday and shall be deducted from benefits paid when they occur during a layoff period. Likewise these wages must be reported for contribution purposes by the employer. Such payments are not similar to vacation pay in that vacation pay is earned during the period of employment prior to the vacation."

The Commission's decision to deduct holiday pay from unemployment benefits was based on a provision in the Delaware Unemployment Compensation Act, which requires that wages payable to a claimant with respect to a week for which unemployment benefits are claimed must be deducted from such benefits. 19 *Del. Code* § 3313(c).

It is argued by the appellant that holiday pay is not "wages" under the Delaware Unemployment Compensation Law when all the pertinent sections of the Act are considered together. Appellant's basic contention is that holiday pay is not remuneration for personal services actually performed during the holiday period. The appellant further contends that even if holiday pay is regarded as "wages" for personal services, such pay is for past services or future services and is not payable "with respect to" the week in which the holiday fell as required by statute.

The appellees argue, on the other hand, that holiday pay is wages paid with respect to the week in question within the

language and intendment of the Delaware Unemployment Compensation Act and that such payments are, therefore, properly deductible from benefit amounts.

The Court must here decide whether or not holiday pay constitutes "wages" within the meaning and wording of 19 *Del. Code* § 3313(c) and § 3302(16) so as to render applicable the statutory provisions which require deduction of wages from unemployment benefits. In other words, may one who is temporarily unemployed receive his full unemployment benefits for a week in which there is a holiday for which he is paid by his employer?

The statutory provisions are as follows:

"(c) Each eligible individual who is unemployed in any week shall be paid with respect to such week a benefit amount equal to his weekly benefit amount less that part of the wages (if any) payable to him with respect to such week which is in excess of $2 * * *." (19 *Del. Code* § 3313(c).

" 'Wages' means all remuneration for personal services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash.

"Gratuities customarily received by an individual in the course of his work from persons other than his employing unit shall be treated as wages received from his employing unit.

"The reasonable cash value of remuneration in any medium other than cash, and the reasonable amount of gratuities, shall be estimated and determined in accordance with rules prescribed by the Commission." 19 *Del. Code* § 3302 (16).

The next subsection of the statute enumerates a number of items which are not to be regarded as "wages". In that subsection, there is no mention of holiday pay. 19 *Del. Code* § 3302(17).

The question arises then, what is meant by the term "personal services" as used in the statutory definition of "wages"?

Although no reported Delaware cases exist on this issue, 19 *Del. Code* § 3302(16) has been interpreted by the Delaware Unemployment Compensation Commission in the case of *Wanda McCormick vs. Delaware Unemployment Compensation Commission*, Appeal Docket No. 5328-A, 1954. In that case one of the specific questions before the Commission was whether one day's wages paid pursuant to a contract of employment by the employer as "holiday pay" for a holiday which occurred in a week during which the employee performed no work was paid as "wages" within the meaning of the Unemployment Compensation Law. After careful consideration of other statutes and authorities, the Delaware Unemployment Compensation Commission positively asserted that holiday pay was "wages" under 19 *Del. Code* § 3302(16) and was properly deductible from unemployment benefits.

The *McCormick* decision rested in part on the Supreme Court's definition of the word "wages" as it is found in the Federal Social Security Act, 42 *U. S. C. A.* § 301 *et seq.* In defining the word "wages" the Supreme Court of the United States said:

"We think that 'service' as used by Congress in this definitive phrase (wages) means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer." *Social Security Board v. Nierotko*, 1946, 327 *U. S.* 358, 66 *S. Ct.* 637, 641, 90 *L. Ed.* 718; *Armour & Co. v. Wantock*, 1944, 323 *U. S.* 126, 65 *S. Ct.* 165, 89 *L. Ed.* 118.

The Unemployment Compensation Commission also cited as authority *General Motors Corp. v. Michigan Unemployment Compensation Commission*, 1951, 331 *Mich.* 303, 49 *N. W.* 2d 305, 308.

This administrative ruling confirmed a policy that had already been established in respect to holiday pay. The ruling was not appealed and has remained a part of the administrative law of this State.

I am of the opinion that the long standing decision of the Delaware Unemployment Compensation Commission is sound.

In other jurisdictions where the matter has been decided under statutes similar to our own, most courts have concluded that holiday pay is "wages" and have held that "personal services" are not confined to the actual engagement in personal effort, but rather are made up of contractual obligations and duties imposed upon employees.

In a leading case the Supreme Court of Michigan held that holiday pay is wages and is deductible from unemployment benefits. *General Motors Corp. v. Michigan Unemployment Compensation Commission, supra.*

In reaching the foregoing conclusion the Michigan Court said:

"Payment of the holiday money received by the employees under their contract is provided for under the heading 'Holiday Pay,' and uniformly designated in the agreement as 'pay'. Pay for what? Obviously as an 'emolument' or compensation for the duties and relation the employees assumed incident to their employment. Under the circumstances of the instant case, the employees are not only required to perform actual personal services on regular work days, but they must hold themselves in readiness to report for work not only on the days of regular employment but also on holidays on notice by their employer."

The Court further stated:

"We do not think * * * that it is essential that actual personal services should be rendered by the employee to justi-

fy the conclusion that 'holiday pay' is an emolument earned during the holiday week."

See also *Geremia v. Administrator, Unemployment Compensation Act*, 1959, 146 *Conn.* 264, 150 *A.* 2d 203; *Erickson v. General Motors Corp., etc.*, 1954, 177 *Kan.* 90, 276 *P.* 2d 376; *DiMicele v. General Motors Corp.*, 1959, 29 *N. J.* 427, 149 *A.* 2d 223; *Draus v. Board of Review*, 1951, 13 *N. J. Super.* 231, 80 *A.* 2d 316; *In re Weyerhaeuser Timber Co.*, 1958, 53 *Wash.* 2d 235, 332 *P.* 2d 947.

Appellant cites the Delaware case of *Bigger v. Unemployment Compensation Commission*, 1946, 4 *Terry* 274, 46 *A.* 2d 137, affirmed, 1947, 4 *Terry* 553, 53 *A.* 2d 761, in support of his interpretation of the terms "wages" and "personal services". In that case an issue was whether or not a claimant had refused to accept suitable work thereby becoming ineligible under the applicable statutory provisions for unemployment benefits. The Court was there concerned with the meaning of the terms "employment" and "work" as used in the statute in connection with the requirement that a claimant apply for and accept suitable work. The decisions in the *Bigger* case do not undertake to define "personal services" and the problem then before the Courts was unrelated to the problem now before me.

The case of *Rumery v. Administrator*, 1948, 15 *Conn. Sup.* 501, decided by the Connecticut Superior Court, supports appellant's arguments. However, the Supreme Court of Errors ignored the *Rumery* case in 1959 when it held that holiday pay is wages under another section of the statute. *Geremia v. Administrator, supra.*

Other cases cited by appellant are distinguishable partly on account of differences in statutory language. See, for example, *In Matter of Marshall*, 1953, 282 *App. Div.* 531, 125 *N. Y. S.* 2d 854 and *Claim of Schultz*, 1947, 272 *App. Div.* 1094, 74 *N. Y. S.* 2d 755.

The appellant further contends that even if holiday pay can be considered as "wages", General Motors Corporation has not proven that holiday pay was paid "with respect to" the week in which the holiday fell and that, therefore, holiday pay was not properly deductible from the benefits received for that week. Appellant points out that holiday pay is payable to the employees only upon the happening of certain contingencies before and after the holiday itself as provided in the employment agreement. Since the events on which a determination of eligibility of holiday pay depends did not occur during the benefit week, the holiday pay could not have become payable until the following week. From such reasoning the appellant argues that the provision which provides for deduction of wages payable to him "with respect to such week", refers to pay attributable to services performed during the benefit week. Under this reasoning, if no services are performed in a particular week, then any payment paid as to that week cannot be "wages with respect to such week".

This reasoning is far fetched. Pay for a particular holiday is obviously paid "with respect to" that holiday in the week in which the holiday falls.

When faced with a similar problem, the Supreme Court of Washington stated:

"It is only by a strained construction of the contract between the claimants and their employer that it can be said that holiday pay is payable with respect to some day *other* than the holiday." (emphasis supplied). *In re Weyerhaeuser Timber Co., supra* [53 *Wash.* 2d 235, 332 *P.* 2d 949].

See also *General Motors Corp. v. Michigan* case, *supra; Hill v. Review Board of Indiana Employment Security Division*, 1953, 124 *Ind. App.* 83, 112 *N. E.* 2d 218; *Draus v. Board of Review, supra.*

I am of the opinion that the Delaware Unemployment Compensation Act does not contemplate that physical services

must be performed in the week as to which holiday wages are payable before such wages are deductible from benefits. To hold otherwise would be to hold that a claimant may receive unemployment benefits and holiday pay for the same holiday.

I conclude that (1) holiday pay was paid with respect to the week in which the holiday fell; (2) holiday pay received for the 4th of July was wages within the meaning of the statutory definition found in 19 *Del. Code* § 3302(16); and (3) such holiday wages were deductible from any unemployment benefits due to the claimant for that week as provided in 19 *Del. Code* § 3313(c).

The decision of the Unemployment Compensation Commission is affirmed.