HENDERSON ET AL., APPELLEES, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION ET AL., APPELLANTS.

[Cite as Henderson v. Bd. of Review, 4 Ohio App. 2d 73.]

(No. 9415—Decided August 9, 1965.)

*Mr. Cedric Vogel*, for appellees.

*Mr. William B. Saxbe*, attorney general, and *Mr. Arthur Reed*, for appellant Bureau of Unemployment Compensation, State of Ohio.

*Messrs. Taft, Stettinius & Hollister*, for appellant National Distillers Products Company.

HOVER, J. This is an appeal on questions of law from a judgment of the court below reversing a decision of the appellant board of review for the reason that the board's decision is contrary to Section 4141.31, section (B), subsection (2), Revised Code, as it stood prior to October 1963.

The result of the lower court's judgment is to hold that various plaintiffs-appellees, employees of the National Distillers Products Company, appellant, are entitled to unemployment compensation in addition to scheduled paid vacations occurring during the course of a layoff. This holding is in accord

with the provisions of the Code section above which was in effect from October 1959 to October 1963.

The position of the appellees is further supported by a decision of the Supreme Court of Ohio rendered subsequent to the judgment of the court below, *Nunamaker* v. *United States Steel Corp.*, 2 Ohio St. 2d 55. That case is factually distinguishable from the instant case by the Supreme Court's observations on page 58, to the effect that if the facts in the *Nunamaker case* corresponded to the factual situation with which the court is here concerned, a different ruling in the *Nunamaker case* would have been required. The Supreme Court observes:

"It is common knowledge that labor contracts frequently provide that vacation pay or allowance is payable only at certain times of the year. In such a case, an employee might be laid off, for example, in February, and draw unemployment benefits continuously until the following October, including the period when vacation benefits are in fact paid. We find no difficulty in arriving at the conclusion that paragraph (B) (2) was designed solely to prevent the reduction of unemployment benefits by the amount of vacation pay received in such cases."

The judgment of the lower court is accordingly affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.