**EMPLOYMENT SECURITY COMMISSION of Delaware and Continental Can Company, Inc., a foreign corporation, Defendants Below, Appellants,**

**v.**

**Carl WATTS, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 25, 1969.

Jacob Kreshtool, Wilmington, for Employment Security Commission of Delaware, defendant below, appellant.

Harvey B. Rubenstein, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This unemployment compensation case involves a determination of the circumstances under which unemployment benefits, in addition to vacation pay, may be received for a period of temporary lay-off.

The claimant Carl Watts, an employee of the Bond Crown & Cork Company, was temporarily laid off, as the result of seasonal business fluctuation, on January 27, 1967. By February 14, 1967, he was back on the job. Watts applied for unemployment compensation on February 7. Two days after the application, Watts exercised the option in his employment contract enabling him to receive vacation pay during a period of lay-off. The employer paid Watts vacation pay in amount equal to a week's salary, recorded the period of February 5 to 12 as "on vacation with pay", and proceeded to notify the Employment Security Commission that Watts was not eligible for benefits for that period.

Following the Commission's denial of benefits, Watts appealed to the Superior Court and obtained a reversal of the Commission's action. The Superior Court held that the receipt of vacation pay under these circumstances did not preclude recovery of unemployment benefits. The Employment Security Commission appeals.

I.

Generally, unemployment compensation statutes require the meeting of two conditions precedent before a claimant may be regarded as unemployed: (1) there must be no receipt of compensation, and (2) no work may be done. See Annotation, 30 A.L.R.(2d) 366. Our Delaware Unem-

ployment Compensation Statute is in accord with the general rule. Under 19 Del. C. § 3302(15), it is provided that no services may be performed and no wages may be received if one is to be considered "unemployed."

■ No problem arises in the instant case as to the performance of services requirement; it is undisputed that Watts was idle during the disputed period. The question is this: if an election is made by the employee to receive vacation pay during a time of temporary lay-off, is such vacation pay to be regarded as wages?

The majority of the courts which have considered the question have concluded that vacation pay constitutes wages and that the employee is not entitled to unemployment compensation. E. g., Allen v. Md. Employment Security Board, 206 Md. 316, 111 A.2d 645 (1955); Hoenstine v. Unemployment Compensation Board, 176 Pa.Super. 306, 106 A.2d 639 (1954); Schenley Distillers, Inc. v. Review Board of Indiana Employment Security Division, 123 Ind. App. 508, 112 N.E.2d 299 (1953).

Until recently, Delaware followed such rule for paid holidays. Moore v. State of Del. Unemployment Compensation Comm., 3 Storey 209, 167 A.2d 76 (Superior, 1961). After the *Moore* decision, however, Delaware's Statute was amended. The changes, incorporated in 19 Del.C. § 3302(17) (E) and (F), provide that holiday pay and "vacation pay paid during or incident to any period of unemployment" do not constitute wages. Applying this statutory coverage, it follows that, during the period of lay-off, Watts performed no services and received no wages. He was, therefore, in an unemployed status under the Law.*

Thus, if the requirements of § 3302 were our sole consideration, we would conclude

---

* Statutory provisions allowing a temporarily laid-off employee to receive vacation pay as well as unemployment compensation, while not prevalent, may be found in other States. E. g., Marquette Cement

Mfg. Co. v. Younkins, 237 Md. 116, 205 A.2d 235 (1964); Henderson v. Board of Review, Bureau of Unemployment Compensation, 4 Ohio App.2d 73, 211 N.E.2d 214 (1965).

that Watts is entitled to the compensation he seeks.

## II.

But such is not the case. The provisions of 19 Del.C. § 3314(3) establish additional criteria that must be satisfied as prerequisite to compensation benefits. § 3314(3) provides, that a claimant, to be eligible for benefits, must be "available for work * * * and actively seeking work." § 3314(3) further provides, however, that if an employee is temporarily laid off for a period of not more than 45 calendar days following the last day he worked, he shall "be deemed to be available for work * * * and actively seeking work if his employer notifies the Commission in writing or the Commission otherwise determines that such lay-off is temporary and that work is reasonably expected to be available for said employee within said period or within a lesser period estimated by the employer; * * *."

In the instant case, of course, Watts was not, in fact, "actively seeking" work. Moreover, there was no notification by his employer of temporary lay-off with work reasonably expected to be available for him within the specified 45 day period or less; and there was no finding by the Commission to that effect. In its findings of fact and conclusions of law upon the merits, the Commission found that Watts was "temporarily laid off", and that "he was not given a recall date." Obviously, this was not a sufficient finding under § 3314 (3) because it failed to state the period of the lay-off within the statutory specification.

Under § 3314(3), therefore, claimant could not be considered, in fact or in law, to be "actively seeking" or "available" for work. He was thus precluded by the Statute from recovering compensation.

The prerequisite notification by the employer of temporary lay-off for the specified period, or a Commission finding to that effect, is an important requirement of the Law. It is a safeguard against payment of unemployment benefits to employees enjoying normal vacations not incident to lay-offs or other forms of unemployment. Such double compensation is contrary to the policy of the Law. Cf. Wheatland Tube Co. v. Unemployment Comp. Board of Review, 186 Pa.Super. 224, 142 A.2d 772 (1958). This statutory safeguard against payment of unemployment benefits to employees on normal vacation must be preserved.

We considered the possibility of remanding the cause to the Commission for a finding sufficient to meet the requirements of § 3314(3), if established by the evidence. It seems clear to us, however, that such finding would come too late now. Such finding is jurisdictional and seasonal, under § 3314(3), at the outset of the Commission's consideration of eligibility for unemployment benefits—not now after the fact and in retrospect. The Statute contemplates a notice or finding under § 3314(3) before the requirement of "actively seeking work" may be deemed waived for the purposes of the Commission's determination of eligibility for benefits.

Accordingly, we hold that notification by the employer or a Commission finding certifying temporary lay-off for the statutory period of time is a condition precedent to the payment of benefits under the circumstances of this case. Finding that such condition was not satisfied, we hold that appellee Watts is precluded from recovering the benefits he seeks.

The judgment of the Superior Court is reversed and the order of the Employment Security Commission is affirmed.