[No. 34805. Department Two. December 4, 1958.]

*In the Matter of the Employees of* THE WEYERHAEUSER
TIMBER COMPANY.[1]

*Houghton, Cluck, Coughlin & Henry, Paul Coughlin,* and *Emil P. Schubat,* for appellant employees.

*The Attorney General* and *Paul J. Murphy, Assistant,* for appellant commissioner of employment security department.

*Roger C. Henselman* and *Oliver Malm,* for respondent.

ROSELLINI, J.—This is a special proceeding brought under the procedural provisions of the Unemployment Compensation Act (RCW 50.32), in which an employer challenges the correctness of a decision of the commissioner of employment security to the effect that holiday pay received by its employees should not be taken into account in computing their unemployment compensation.

The controversy involves the interpretation of RCW 50-.04.310, defining an unemployed individual as follows:

[1] Reported in 332 P. (2d) 947.

"An individual shall be deemed to be 'unemployed' in any week during which he performs no services and with respect to which no remuneration is payable to him, or in any week of less than full time work, if the remuneration payable to him with respect to such week is less than his weekly benefit amount. . . ."

" 'Remuneration,' " according to RCW 50.04.320, "means all compensation paid for personal services, including commissions and bonuses and the cash value of all compensation paid in any medium other than cash."

The question is whether there should be deducted from the benefit to which the employees of Weyerhaeuser Timber Company were entitled for the week beginning September 3, 1956, a portion of the holiday pay which they received for that day, which was Labor Day. The commissioner held that no deduction was required. The superior court held otherwise, concluding that the holiday pay paid to each of the claimants for Labor Day constituted remuneration paid for personal services performed by the claimants during the week ending September 8, 1956, in which the Labor Day holiday occurred, and also constituted remuneration payable with respect to that week.

It is undisputed that the claimants performed no labor during the week in question, the logging operation at which they were employed being shut down on account of weather conditions. Their union contract provided that, in order to be eligible for holiday pay, they must have thirty-one days seniority prior to the holiday and must work the last regularly scheduled work day before and the first regularly scheduled work day after the paid holiday. While Tuesday, September 4, was the first regularly scheduled work day following the holiday, the operation was shut down early in the morning of that day before any work was performed. All of the claimants met the qualification for holiday pay by working the first regularly scheduled work day after the shutdown, which was Monday, September 10, 1956.

■ . The question is whether the claimants were unemployed, under the statutory definition, for the full week ending September 8, 1956. In other words, did they perform no

services and receive no remuneration *with respect to* that week? While the trial court held that they had in fact performed services, as well as received remuneration, with respect to the week in question, we find it unnecessary to decide whether the determination that they had performed services was correct, since we are of the opinion that in any event remuneration was received with respect to the week and a deduction for such remuneration is proper.

. It is clear from the language of the statute that, before an individual can be deemed unemployed for the week, two conditions must have been met. These conditions are phrased in the conjunctive and not in the alternative. That is to say, even though the claimant has not performed services, if he has received remuneration or is due remuneration for the week, or any part thereof, he is not totally unemployed for the week. There is the further provision that in any week of less than full-time work, he shall be deemed unemployed if the remuneration payable to him is less than the weekly benefit amount.

The commissioner's interpretation of the provision was based on his assumption that, because remuneration is defined as compensation for personal services, it must necessarily be made with respect to the time at which the services are performed, and since no labor was performed on the holiday, the holiday pay must have been paid with respect to some other time when actual labor was performed. If this were the meaning of the act, then the second requirement would not be necessary, for if no services were performed within a given week, no remuneration could possibly be due.

The claimants, in their brief, admit that the requirement of no remuneration must have been intended to apply to certain circumstances where no services are performed but the employee is nevertheless paid for his time. They suggest that it was aimed at employees who are paid for a full pay period even though their presence on the job is not required every day. No doubt it was, but we see no reason why it should not apply equally where an employee is paid, for reasons of mutual interest to the employee and em-

ployer, for a day on which he is not required to work because it is a holiday. In either case, no services are rendered on the day or days in question, but the employee is nevertheless paid for that day. If he is paid with respect to a given day or week, then he should not receive additional compensation from the state unless his work for that week is less than full time and his pay is less than the benefit amount. This is the import of the statute.

It is only by a strained construction of the contract between the claimants and their employer that it can be said that holiday pay is payable with respect to some day other than the holiday. "With respect to" means with reference to, or relating to, according to Funk & Wagnalls standard English dictionary. The agreement was, that even though the claimants did not work on holidays, they were to be, paid for them provided they met certain conditions. Their pay checks designated their holiday pay with reference to the date of the holiday. It cannot be seriously questioned that it was their understanding, and that of their employer, that such pay was to compensate them for that day, regardless of what the consideration was that induced the employer to make this compensation.

The view which we take of this matter is in accord with that formerly held by the commissioner and with the interpretation of similar statutes and union contracts by courts of other jurisdictions. See *General Motors Corp. v. Michigan Unemployment Compensation Comm.*, 331 Mich. 303, 49 N. W. (2d) 305 (pointing out that holiday pay is an emolument received by the employee incident to his status as such during the week of the particular holiday for which pay is received), and *Erickson v. General Motors Corp.*, 177 Kans. 90, 276 P. (2d) 376; *Hill v. Review Board of Indiana Employment Security Division, etc.*, 124 Ind. App. 83, 112 N. E. (2d) 218. See, also, *Draus v. Board of Review, Division of Employment Security, etc.*, 13 N. J. Super. 231, 80 A. (2d) 316.

The determination of the trial court was correct, and its order is affirmed.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.