CHIASSON, Judge.
This is an appeal of a judgment of the District Court in three cases consolidated for trial. Judgment was rendered in favor of the plaintiffs-appellees, employees of the Crown Zellerbach Corporation, and against the defendant-appellant, the Crown Zellerbach Corporation, awarding the appellees benefits under the Louisiana Employment Security Law.
The sole issue presented in these cases is whether holiday pay, paid pursuant to the terms of the labor agreement between ap-pellees and appellant, was wages deductible from unemployment benefits.
These cases relate to the following holidays: December 24, 25 and 26,1974 (Christmas): March 30, 1975 (Easter); and May 26, 1975 (Memorial Day). The appellees were on temporary lay-off status during the weeks which included these holidays. Claims for unemployment benefits were filed by the appellees for the above weeks.
In response, the appellant took the position that the holiday pay received by the appellees was wages, and as such, was deductible from the appellees’ unemployment benefits.
The local agency found for the appellees in two cases and for the appellant in the third. In separate administrative proceedings the cases were brought before Appeals Referees. The Appeals Referees found for the appellees in one case and the appellant in the other two cases. These findings were considered by the Board of Review which rendered decisions in all three cases in favor of the appellant.
The appellees then filed petitions for judicial review of the Board’s decisions. The cases were consolidated for consideration. After reviewing the facts and law in the *854 cases the District Court rendered judgment in favor of the appellees. The Court held that under the terms of the collective bargaining agreement, holiday pay was a benefit issued to employees to cover days on which they did not work and supplemental to Employment Security benefits. It is this judgment of the District Court which has been appealed.
The relevant contractual provisions provide:
“For each recognized holiday an eligible employee shall receive eight (8) hours’ pay at the straight time rate of the job on which he worked on his last working day before the holiday. If such employee works on the holiday, he shall receive additional compensation as provided in Section XIV — ‘Overtime’.
“In order to be eligible for holiday pay, an employee must meet all of the following conditions:
1. He must have been on the payroll of the Company for a period not less than thirty (30) days immediately preceding the holiday.
2. He must have worked his scheduled Work day immediately before and immediately following the holiday unless absent for a justifiable cause.
3. He must have worked on the holiday if scheduled to work unless absent for justifiable cause.
“An employee will be considered absent for justifiable cause:
1. If he is on vacation; or,
2. If he is unable to work because of illness or injury, which must be proven by evidence satisfactory to the Company, and the holiday falls within the first six (6) months of such absence: or,
3. If he has been excused by his supervisor.”
Section X — HOLIDAYS
“I. Subject to the conditions set forth in Paragraph II of this section, any employee will receive time and one-half for: .
E. All hours worked on any of the holidays listed in Section X, ‘Holidays’ .
“II. In applying the provisions of Paragraph I of this section, the following conditions shall be in effect:
A. If a holiday does not fall on an employee’s regular day off, he will receive for such holiday eight (8) hours’ credit toward the forty (40) hour qualification in Paragraph I-D above. In addition, time worked on such a holiday in excess of eight (8) hours will be credited toward the forty (40) hour qualification . .”
Section XIV — OVERTIME
Under the terms of the above agreement, all eligible employees, including those laid off, on vacation, or ill, receive eight (8) hours’ pay for the listed holidays. If a holiday falls on an employee’s regular day off he receives the eight (8) hours’ pay in addition to his regular wages. If a holiday does not fall on an employee’s regular day off the employee receives eight (8) hours’ pay, eight (8) or more hours’ credit towards his forty (40) hour week and time and a half for each hour worked.
R.S. 23:1593 provides:
“An eligible individual who is employed in any week shall be paid with respect to such week a benefit equal to his weekly benefit amount less that part of his wages, if any, payable to him with respect to such week in excess of fifty percent of his current weekly benefit amount. This benefit, if not a multiple of one dollar, shall be computed to the next higher multiple of one dollar.”
R.S. 23:1472 provides in part:
“(19) ‘Unemployment’ — Any individual shall be deemed to be ‘unemployed’ in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount
“(20)(A) ‘Wages’ means all remuneration for services, including commissions and bonuses and the cash value of all remu- *855 iteration in any medium other than cash
While holiday pay is paid in addition to regular wages, sick pay and vacation pay, it must be considered as wages for purposes of unemployment compensation because it is remuneration for services. Further, R.S. 23:1472(20)(C) list payments which are not to be considered as “wages”, and “holiday pay” is not included therein.
To be eligible for holiday pay an employee must meet the specific work requirements cited above. Therefore, holiday pay is deductible from unemployment benefits as it is remuneration dependent on the performance of services.
For the above reasons, the judgment of the District Court is reversed and judgment is rendered sustaining the decision of the Louisiana Board of Review for the Division of Employment Security and dismissing plaintiffs-appellees’ action. Costs to be paid by the appellees.
REVERSED AND RENDERED.