EDWARDS, Judge.
Plaintiff filed a claim for unemployment benefits with the Office of Employment Security. The agency disqualified her, and the appeals referee and the Board of Review affirmed. She then sought judicial review, and the administrator of the Office of Employment Security answered her petition by praying that the decision of the Board of Review be reversed. The trial court remanded for the taking of more evidence, the Board of Review again affirmed the disqualification, and the trial court affirmed. We reverse.
Plaintiff began working for Pasadena Bayshore Hospital in Pasadena, Texas, on December 15, 1980. She was hospitalized on or about October 15, and went on a six-month medical leave October 19, 1981. She was released from the hospital on December 28,1981, and released by her doctor as able to return to work in February. In the meantime, however, plaintiffs car was repossessed, and she moved to the Baton Rouge area to live with her mother and daughter. Plaintiff contends that she cannot go back to her job at the hospital because she does not have a car, and she cannot afford the $12 to $13 a day cab fare, taxis being the only means of public transportation in that area.
A person shall be disqualified for unemployment benefits if he left his employment without good cause connected with his employment. LSA-R.S. 23:1601(1). In similar cases, the Supreme Court has held that where transportation to or from work is unavailable or available only at a prohibitive cost, an employee has good cause for quitting his job. See Boudreaux v. Louisiana Board of Review, 374 So.2d 1182, 1184 (La.1979); Bateman v. Howard Johnson Co., 292 So.2d 228, 230 (La.1974).
In Boudreaux, a security guard was employed at $2.36 per hour at a job near his home, but was later transferred to a location which required him to commute 48 miles round trip daily. His car was not operating properly, and he requested a transfer to a work area nearer his home, but finally quit the job because he could not afford to continue commuting. After considering the plaintiffs hourly wage, the long commute, and the unavailability of adequate transportation at a reasonable cost, the court held that plaintiffs employment had become unsuitable within the meaning of LSA-R.S. 23:1601(3)(a), and therefore that he had left his employment for good cause. Boudreaux, 374 So.2d at 1184.
In Bateman, the claimant, a short order cook who worked from 6:00 p.m. until 11:00 p.m. daily, quit her job because she could not afford taxi fare home each evening after work, and no other means of transportation was available. The court pointed out that her taxi fare would amount to 40% of her wages and consequently determined that she quit her job for good cause connected with her employment. Bateman, 292 So.2d at 230.
The Board of Review stated that the Bateman decision does not control the instant case because “public or feasible transportation was not available prior to her separation,” and the trial court found “no error of law in the Board’s interpretation of Bateman.”
We are puzzled by the Board of Review’s attempt to distinguish Bateman. By comparison plaintiff is actually in the more favorable position. Plaintiff took her job, depending on using her own car for transportation, and lost that car only when she was sick and unable to work. On the other hand, the Bateman claimant took a job apparently depending on the availability of bus service, and then learned that bus service ceased for the evening before she finished her shift. This is a distinction, however, without a difference. The holdings in the above cited cases do not depend on such hairsplitting.
Bateman and Boudreaux clearly control this case. Each holds that where no transportation is available or where transportation cost is prohibitive in relation to the claimant’s wage, an employee has good cause associated with his employment for quitting his job, because such employment *803 is unsuitable; therefore he may be qualified for unemployment benefits.
Plaintiff earned $5.43 per hour at the hospital. Assuming she worked an eight-hour day, taxi fare of $12 to $13 a day would represent roughly 28% of her earnings. “The Louisiana Employment Security law is remedial social legislation^ and] is to be construed liberally and in the interest of the statute’s beneficiaries.” Parker v. Gerace, 354 So.2d 1022, 1025 (La.1978) (citations omitted). Even the Office of Employment Security Administrator requested that the disqualification be reversed. Because her transportation cost is prohibitive in relation to her earnings, her job is unsuitable. Hence she quit her job for good cause connected with her employment. Accordingly she cannot be disqualified from receiving unemployment benefits on this basis.*
For the foregoing reasons, the judgment of the district court is reversed and the case is remanded to the Board of Review for the entering of an order in accordance with the ruling of this court. See LA-R.S. 23:1634.
REVERSED AND REMANDED.

 We assume that plaintiff had base period eligibility, see LSA-R.S. 23:1600(5), since the issue was not raised by defendant.