368 N.W.2d 361 (1985)
RESERVE MINING COMPANY, Relator,
v.
Peter M. VANDERVEER, et al., Commissioner of Economic Security, Respondents.
No. C4-84-1967.
Court of Appeals of Minnesota.
May 28, 1985.
Raymond L. Erickson, Duluth, for relator.
Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondents.
Heard, considered and decided by POPOVICH, C.J., and LANSING and FORSBERG, JJ.

OPINION
FORSBERG, Judge.
Relator Reserve Mining Company appeals from the determination of the Commissioner of Economic Security that the respondent employees were eligible to receive unemployment compensation benefits during the period of time in which they were on lay-off from their employment and were receiving vacation pay.
We reverse.

*362 FACTS
The approximately 150 individual respondents are non-union salaried employees of relator Reserve Mining Company who do not have a collective bargaining agreement or a written contract of employment with Reserve. However, Reserve has a written policy setting forth the terms of employment including a section relating to vacation policy which provides, in pertinent part:
Scheduling of Vacations.
1. Promptly after January 1 of each calendar year each eligible employee will be requested to specify the vacation period he desires. Vacations will, insofar as practicable, be granted at times most desired by employees (longer service employees being given preference as to choice). The final right to allot vacation periods and to change such allotments is exclusively reserved by Management in order to ensure orderly operation of the department....
Due to a decrease in demand for its taconite product, Reserve experienced a significant reduction in its operations and began to shut down its plant in April of 1983. Thereafter, employees were laid-off due to lack of work at various times. Prior to each lay-off, Reserve assigned a vacation period to each respondent being laid-off, to begin at the start of the first day off and to extend for whatever vacation time the respondent had accrued. Each employee was thus paid his vacation pay during the lay-off in amounts equal to his full salary, exceeding his weekly unemployment compensation benefits amounts. The lay-offs extended beyond the assigned vacation periods. They were not a uniform vacation shutdown and were not intended to be so.
The respondents applied for and were awarded unemployment compensation benefits for the same weeks of the lay-off during which they were receiving vacation pay in an amount equal to their regular paycheck.
In reviewing Reserve's department appeal, the Commissioner of Economic Security determined that the vacation was not requested by the employees but was imposed by the employer, there was no collective bargaining agreement permitting the employer to determine vacation, and there was no uniform vacation shutdown. Because of these factors, the Commissioner held that the economic security statute, Minn.Stat. § 268.08, subd. 3(2) (1982), permitted payment of unemployment benefits during lay-off while the employees received full vacation pay.

ISSUES
1. Does Minn.Stat. § 268.08, subd. 3(2) permit the simultaneous payment of unemployment compensation and vacation pay where the employees' vacation period was assigned by the relator?
2. Did the individual employees voluntarily terminate their employment?
3. Is Minn.Stat. § 268.08, subd. 3(2), unconstitutional because two classes of employees may be treated differently for unemployment compensation benefits purposes?

ANALYSIS
1. Generally, unemployment compensation benefits are payable to individuals "unemployed through no fault of their own." Minn.Stat. § 268.03 (1982).
Minn.Stat. § 268.04, subd. 23 (1982), defines unemployment as follows:
An individual shall be deemed "unemployed" in any week during which he performs no service and with respect to which no wages are payable to him, or in any week of less than full time work if the wages payable to him with respect to such week are less than his weekly benefit amount.
The broad definition of wages includes all remuneration for services. Minn.Stat. § 268.04, subd. 25. The Department of Economic Security's Rules and Regulations define wages as including the monetary value of both "vacation pay" and "payment in lieu of vacation." Minn.Rules 3315.0200.
*363 In this case, the respondent employees received vacation pay for at least some part of their lay-off. Under these general provisions, respondents would not be eligible for unemployment payments.
Minn.Stat. § 268.08 deals specifically with eligibility for unemployment benefits when vacation allowance is paid.
The statute provides, in pertinent part: An individual shall not be eligible to receive benefits for any week with respect to which he is receiving, has received, or has filed a claim for remuneration in an amount equal to or in excess of his weekly benefits amount in the form of
* * * * * *
(2) vacation allowance paid directly by the employer for a period of requested vacation, including vacation periods assigned by the employer under the provisions of a collective bargaining agreement, or uniform vacation shutdown.
Minn.Stat. § 268.08, subd. 3(2).
The Commissioner determined that, because the vacation allowance was not paid for time-off "requested" by the employee or uniform vacation shutdown, the payments did not serve to make the employees ineligible for the receipt of unemployment compensation benefits.
In making this decision, the Commissioner relied upon the rules of statutory construction contained in Minn.Stat. § 645.26:
Subdivision 1. Particular controls general. When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.
* * * * * *
Subdivision 4. Laws passed at different sessions. When the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment shall prevail. (emphasis added).
Because the most recent legislative amendment had been to Minn.Stat. § 268.08, subd. 3(2) and because that section was more specific than the general, the Commissioner determined that § 268.08, subd. 3(2) applied to the facts of this case to the exclusion of the general provisions.
We disagree. Minn.Stat. § 645.26 requires that general and specific provisions of law be construed to give effect to both. It is only if the two provisions are irreconcilable that a special provision prevails. Here, the general and specific provisions are reconciled by interpreting the specific to apply to cases in which, under an employment agreement, an employer assigns vacation time on behalf of an employee.
2. It is undisputed that the vacation time was imposed by the employer and not requested by any of the employees. However, the employment manual gives to the employer the right to approve and assign vacation leave. Here, the employer assigned vacation times to those employees who had accrued vacation time. Had the provision been a part of a collective bargaining agreement entered into by the employer and employees, the statute, on its face, would apply.
The language of the statute, "including vacation periods assigned by the employer under the provisions of a collective bargaining agreement," is merely illustrative of what is intended by the phrase "requested vacation." Although the vacation days assigned here were not assigned according to a collective bargaining agreement, they were assigned by the employer as outlined in the employment manual.
Interpreting the statutes together to avoid the problem of double payment to a claimant, we hold that the statute prevents payment to these laid-off employees.
*364 3. Finally, Reserve argues that the effect of the statute, as applied by the Commissioner, is unconstitutional and argues that employees should not be divided into classes depending on whether or not they are union members. Because we reverse the Commissioner on her interpretation and application of the statute, we do not reach the issue of constitutionality. We note that by this reversal respondent employees will not lose the benefits already paid them. Minn.Stat. § 268.10, subd. 2(6) (1982).

DECISION
Interpreting the provisions of Minn.Stat. § 268.08, subd. 3(2) consistent with the whole of the economic security act, we find these employees ineligible for the receipt of unemployment compensation for the period of time during lay-off in which they received vacation pay.
Reversed.