497 So.2d 418 (1986)
Eugenia BREWINGTON, Plaintiff-Appellee,
v.
ADMINISTRATOR OF the OFFICE OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR, and St. Patrick's Hospital, Defendants-Appellants.
No. 85-1211.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Stockwell, Sievert, John S. Bradford and Jeanne Sievert, Lake Charles, for defendants-appellants.
James Spruell, Jr., Lake Charles, for plaintiff-appellee.
James A. McGraw, Baton Rouge, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
PER CURIAM:
The employer has appealed from an adverse decision by the district court affirming *419 the Board of Review's holding that appellee is entitled to unemployment compensation under LSA-R.S. 23:1471 et seq. The original agency determination was that Mrs. Eugenia Brewington, a licensed practical nurse employed for some seven years at St. Patrick's Hospital in Lake Charles, was discharged for misconduct because of her failure to abide by the hospital's rules in "... not immediately carrying out doctor's instructions so as to cause possible danger to a patient." The Appeals Referee and the Board of Review agreed, but on appeal to the district court, the case was remanded for further evidence as the transcript of testimony before the Appeals Referee was incomplete due to a malfunction of the taping equipment.
After the second hearing, the Appeals Referee reinstated the disqualification, but was reversed by the Board of Review. This time the Board found:
"... that the claimant had a very busy workload. She did attempt to follow the doctor's instructions and ordered the new medicine from the pharmacy as instructed by the doctor. A heavy workload and pressing duties prevented her from going for the medicine herself. With the workload imposed on her and the resources available to her, the claimant was doing the best she could.
"Due to the aforementioned, the Board concludes that the claimant's discharge was at the convenience of the employer. There is a lack of sufficient competent evidence to provide for misconduct on the claimant's part. Benefits should be allowed."
We have reviewed the record and conclude that the Board's finding of fact is supported by sufficient competent evidence; its decision is correct as a matter of law.
In Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981), our Supreme Court said:
"The word `misconduct' in LSA-R.S. 23:1601 is used to connote intentional wrongdoing. King v. Brown, supra; Turner v. Brown, supra. Thus, an employee can be unsatisfactory to the employer without being guilty of disqualifying misconduct. An intent to do wrong must be present."[1] (Emphasis ours.)
Although the record clearly supports findings of negligence and an unsatisfactory performance of duty by the appellee, there is no indication of any intentional wrongdoing on her part.
Appellant further contends that the decision should be reversed because the misconduct also involved a deliberate violation of the employer's rule to carry out the doctor's orders as written, and if she was in fact too busy with other patients at the time, to get someone else on the staff to do so.
Like the court in Simmons v. Gerace, 377 So.2d 407 (La.App.2 Cir.1979), we do not find that the employee's failure to precisely follow the hospital's rules with respect to the doctor's orders amounted to a deliberate disregard or violation thereof that would constitute disqualifying misconduct under the statute. Louisiana Employment Security Law is to be construed liberally and in the interest of its beneficiaries. Parker v. Gerace, 354 So.2d 1022 (La. 1978).
For the foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] King v. Brown, 115 So.2d 405 (La.App. 2 Cir. 1959); Turner v. Brown, 134 So.2d 384 (La.App. 3 Cir.1961).