**Joan WHEELER, Relator,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, Commissioner of Jobs and Training, Respondents.**

No. C2–87–1772.

Court of Appeals of Minnesota.

Feb. 16, 1988.
Review Denied April 20, 1988.

Joan Wheeler, pro se.

Hubert H. Humphrey, III, Atty. Gen., William R. Howard, Gary P. Mesna, Sp. Asst. Atty. Gen., St. Paul, for Department of Labor and Industry.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by FORSBERG, P.J., and CRIPPEN and KALITOWSKI, JJ., without oral argument.

## OPINION

KALITOWSKI, Judge.

Relator Joan Wheeler seeks review of an order denying her claim for unemployment benefits due to her receipt of a payment for accrued vacation leave. We reverse.

## FACTS

Wheeler was employed by the Minnesota Department of Labor and Industry (Department) from July 1986 to April 10, 1987. During her employment with the Department, Wheeler was a member of the Minnesota Association of Professional Employees (MAPE). The contract between MAPE and the Department provided:

> Any employee separated from State service shall be compensated in cash at his/her then current rate of pay for all vacation leave to his/her credit at the time of separation.

At the time of her separation, Wheeler had accumulated 55.25 hours of vacation time, and was paid a lump sum of $651.95 for that unused vacation time.

Wheeler applied for unemployment compensation, and a hearing was conducted by a referee from the Department of Jobs and Training to determine her entitlement to benefits. At the hearing, the Department agreed that Wheeler had received the lump sum payment for her accrued vacation at the time of her separation, and had never been assigned a vacation period.

Following the hearing, the referee determined that Wheeler was entitled to receive unemployment benefits, as well as the vacation payment. On appeal, a Commissioner's representative reversed, reasoning:

> The claimant received vacation pay * * * for 6.9 workdays covering the period of April 13, 1987 through April 21, 1987.
>
> *　　*　　*　　*　　*　　*

The issue in this case is whether or not the claimant is entitled to receive both vacation pay and unemployment benefits for the same period of time. This issue was settled in the negative by the Minnesota Court of Appeals in *Reserve Mining Co. v. VanderVeer, et al.*, 368 N.W.2d 361 (Minn.App.1985).

## ISSUE

Did the Commissioner err by determining that Wheeler's lump sum vacation payment must offset her unemployment benefits?

## ANALYSIS

In *Reserve*, cited by the Commissioner, the employer Reserve Mining Company had begun shutting down its plant and laying off its employees in April 1983. Before laying off each employee, Reserve assigned a vacation period to that employee, to begin at the start of the layoff and to extend for whatever length of vacation time the employee had accrued. Thus, each employee received vacation pay during the first portion of the layoff.

The Commissioner awarded the employees unemployment benefits for the entire period of the layoff, including the time during which they had received vacation pay. On appeal, this court reversed, concluding that the following statutes prevented double payment:

> An individual shall be deemed "unemployed" in any week during which he performs no service and with respect to which no wages[1] are payable to him * * *.

Minn.Stat. § 268.04, subd. 23 (1982).

> An individual shall not be eligible to receive benefits for any week with respect to which the individual is receiving
>
>     *     *     *     *     *     *
>
> (2) Vacation allowance paid directly by the employer for a period of requested vacation, including vacation periods assigned by the employer under the provisions of a collective bargaining agree-

ment, or uniform vacation shutdown; * * *.

Minn.Stat. § 268.08, subd. 3 (1982).

We believe the facts and issues in the present case are distinguishable from those in *Reserve*. There, the employer had specifically assigned vacation time to its employees, and had paid the employees wages in the form of vacation pay during that time. The only issue in *Reserve* was whether the employees' assigned vacations should be deemed "requested."

Here, on the other hand, the issue is whether the Department should be deemed to have "assigned" Wheeler's vacation pay to a specific period of time.

The record establishes the Department did not designate Wheeler's vacation payment as wages for a specific period of time; to the contrary, testimony by the Department specifically indicates Wheeler was never assigned vacation time commensurate with the amount of vacation pay she received.

The MAPE contract provided for payment of accrued vacation leave "at the time of separation." Thus, Wheeler's vacation payment was owed and payable as of April 10, 1987. After April 10, the Department could no longer assign a vacation period, since Wheeler was no longer an employee. If, in fact, a vacation period had been assigned, the Department would have been required to keep Wheeler on the payroll and provide her the benefits of employment including the accrual of additional vacation. Such was not the case.

## DECISION

Wheeler's lump sum vacation payment did not constitute wages payable for an assigned period of time. The Commissioner's decision is reversed.

Reversed.

---

1. Vacation pay is included within the definition of "wages" for unemployment compensation purposes. Minn.Stat. § 268.04, subd. 25 (1986).