[No. 8276–8–III.   Division Three.   March 8, 1988.]

JAMES T. DONAIS, *Appellant*, v. THE DEPARTMENT OF
EMPLOYMENT SECURITY, *Respondent*.

*James T. Donais,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas Anderson, Assistant; Leo Driscoll* and *Winston & Cashatt,* for respondent.

MUNSON, J.—James Donais appeals the Superior Court's affirmance of the Department of Employment Security's denial of his unemployment compensation benefits. He challenges the Commissioner's decision he was not entitled to benefits for the period in which he was assigned vacation pay. We affirm.

Mr. Donais began work for Kaiser Aluminum and Chemical Corporation at its Mead plant in 1978. The terms and conditions of his employment were governed by a contract between Kaiser and Mr. Donais' bargaining representative, the United Steel Workers of America, Local Union 321. On September 30, 1984, he was laid off due to lack of work. In October, he began receiving unemployment compensation benefits.

During March 1985, Mr. Donais became aware of a new agreement between Kaiser and the union in which all accrued 10–week extended vacations were to be relinquished and exchanged for Kaiser stock which could not be redeemed for 2 years. He requested his accrued extended vacation pay and learned he would be required to formally request the vacation pay for a specific period of time. Pursuant to the agreement, Kaiser had the right to assign the period of vacation. He had requested his vacation during 1984, but was refused. However, an employee who is laid off can schedule his vacation during the period of his layoff. Mr. Donais was assigned a "backdated" vacation period of January 7 through March 15, 1985. During this period, he had received unemployment compensation benefits.

The Department of Employment Security sent Mr. Donais a notice stating that because he received vacation pay between January 7 and March 15, 1985, he was not entitled to the unemployment benefits he had received for that period. The Department ordered him to repay $1,850 in benefits.

On December 3, 1985, a hearing was held before an administrative law judge (ALJ) in which Mr. Donais and Lynda Betts, the supervisor of employment at Kaiser, testified. Ms. Betts could not remember specifically talking with Mr. Donais in March, but testified she routinely told the laid off employees they would not be entitled to state unemployment benefits for their vacation period. Mr. Donais claimed he was not told what effect his vacation would have on his ability to receive unemployment compensation benefits[1] and claimed he did not even know the period of his vacation when he received a notice from the Department in June.

The ALJ found Mr. Donais was not "unemployed" pursuant to RCW 50.20.010 and RCW 50.04.310 during the time his vacation pay had been assigned. The Commissioner of the Department affirmed the decision of the ALJ. The Superior Court affirmed the Commissioner's decision. Mr. Donais appeals.

The scope of our review is governed by RCW 34.04-.130(6) which provides:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decision are:
>
> . . .
> (d) affected by other error of law; or
> (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
> (f) arbitrary or capricious.

Which standard to apply depends on whether the issue is one of fact, law, or a mixed question of fact and law. *Rasmussen v. Department of Empl. Sec.,* 98 Wn.2d 846, 849, 658 P.2d 1240 (1983). The "error of law" standard applies because the facts are undisputed. *Davis v. Department of*

---

[1]At oral argument before this court, Mr. Donais candidly stated he could not remember being told he would have to repay these benefits.

*Empl. Sec.,* 108 Wn.2d 272, 274–75, 737 P.2d 1262 (1987). Although a court should accord substantial weight to an administrative agency's construction of statutory language, it is ultimately for the court to determine the purpose and meaning of statutes even when contrary to the agency's determination. *Davis,* at 275; *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 325–26, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983); *Murphy v. Department of Empl. Sec.,* 47 Wn. App. 252, 255–56, 734 P.2d 924 (1987).

To receive unemployment compensation, an individual must be unemployed. RCW 50.20.010. RCW 50.04.310 defines "unemployed":

> (1) An individual shall be deemed to be "unemployed" in any week during which the individual performs no services and with respect to which no remuneration is payable to the individual, . . .
> (2) An individual shall be deemed not to be "unemployed" during any week which falls totally within a period during which the individual, pursuant to a collective bargaining agreement or individual employment contract, is employed full time in accordance with a definition of full time contained in the agreement or contract, and for which compensation for full time work is payable. This subsection may not be applied retroactively to an individual who had no guarantee of work at the start of such period and subsequently is provided additional work by the employer.

It is not disputed Mr. Donais performed no work during the period in question. The sole issue is whether he received remuneration with respect to the period between January 7 and March 15, 1985. RCW 50.04.320 provides in part:

> "Remuneration" means all compensation paid for personal services including commissions and bonuses and the cash value of all compensation paid in any medium other than cash. . . .
> Previously accrued compensation, other than severance pay or payments received pursuant to plant closure agreements, when assigned to a specific period of time by virtue of a collective bargaining agreement, individual

employment contract, customary trade practice, or request of the individual compensated, shall be considered remuneration for the period to which it is assigned. Assignment clearly occurs when the compensation serves to make the individual eligible for all regular fringe benefits for the period to which the compensation is assigned.

Mr. Donais was not "unemployed" under these statutes. Although his vacation period was "backdated," this does not change the fact the vacation was assigned to a specific period of time. He was in layoff status and had the option of scheduling a backdated vacation pursuant to the collective bargaining agreement. In order to collect his vacation pay at the time of his layoff, he would have had to terminate his employment and relinquish the benefits of being on layoff status, *i.e.*, seniority and recall rights, insurance and vacation benefits. Although the 10–week extended vacation was accrued by virtue of his past employment with Kaiser, the vacation pay was not compensation for past employment; it was payment for the period specifically assigned. *See In re Weyerhaeuser Timber Co.*, 53 Wn.2d 235, 238, 332 P.2d 947 (1958) (claimants' holiday pay was payment with respect to the holiday and no other day).

Contrary to Mr. Donais' assertion, RCW 50.04.320 does not provide that previously accrued compensation is assigned only when the individual is eligible for all fringe benefits. The last sentence of the statute merely provides that an assignment "clearly occurs" when the individual is eligible for all fringe benefits. As stated previously, Mr. Donais received substantial fringe benefits during the period of his layoff. The fact he did not receive the same fringe benefits as a working employee does not mean he is "unemployed."[2]

---

[2]RCW 50.20.115 is not applicable to Mr. Donais for several reasons. First, he is not "unemployed" and, thus, does not fall within RCW 50.20.010, .120, or .130. Second, Kaiser did not cease operations. Third, the issue of a voluntary quit is not at issue here.

The Commissioner correctly determined Mr. Donais, a laid off employee, was not entitled to unemployment compensation benefits for the period of time for which he was assigned his backdated vacation pay. Other jurisdictions are in accord. *See, e.g., Speagle v. United States Steel Corp.,* 39 Ala. App. 559, 105 So. 2d 721 (1958); *Abud v. Department of Empl.,* 14 Cal. App. 3d 405, 92 Cal. Rptr. 446 (1971); *Talberg v. Commissioner of Economic Sec.,* 370 N.W.2d 686 (Minn. Ct. App. 1985); *Reserve Mining Co. v. Vanderveer,* 368 N.W.2d 361 (Minn. Ct. App. 1985); *In re Mullen,* 277 A.D. 1073, 100 N.Y.S.2d 706 (1950); *Mills v. Gronning,* 581 P.2d 1334 (Utah 1978). *See also* Annot., 14 A.L.R.4th 1175 (1982); 76 Am. Jur. 2d *Unemployment Compensation* § 86 (1975). Under RCW 50.20.190, Mr. Donais is required to repay the $1,850 in unemployment compensation benefits.

The decision of the Commissioner is affirmed.

McINTURFF, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court May 31, 1988.